Teresa M. Beck, Arizona Bar No. 024114
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 400-8000/FAX (619) 238-8707
tbeck@klinedinstlaw.com

Attorneys for Defendant HOMETOWN EQUITY MORTGAGE, LLC dba THELENDER

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA - TUCSON

| | |
|---|---|
| LENDER, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HOMETOWN EQUITY MORTGAGE, LLC, a Missouri limited liability company d/b/a THELENDER; JOHN and JANE DOES 1-10; ABC ENTITIES 1-10,<br><br>Defendants. | Case No.<br><br>**DEFENDANT HOMETOWN EQUITY MORTGAGE, LLC dba THELENDER'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY) AND (c)(1)(A) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Hometown Equity Mortgage, LLC dba TheLender ("HOMETOWN EQUITY MORTGAGE") hereby removes to this Court the state action described below, pursuant to 28 U.S.C. § 1441(b) and (c)(1)(A).

**I.   INTRODUCTION & STATEMENT OF FACTS**

As to all facts below, see the accompanying Declaration of Teresa Beck in Support of HOMETOWN EQUITY MORTGAGE dba THELENDERS'S Notice of Removal of Action Under 28 U.S.C. § 1441 (b) (Diversity) AND (c)(1)(A) (Federal Question).

Plaintiff's Complaint was filed herein on or about May 16, 2022. HOMETOWN EQUITY MORTGAGE was served with a copy of the Summons and Complaint on or

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

about June 20, 2022. HOMETOWN EQUITY MORTGAGE was served with the summons and Complaint herein on June 20, 2022.  (*Id.* at ¶ 3.)

The amount of damages Plaintiff seeks from Defendants in this lawsuit (the amount in controversy) is not directly stated in the Complaint.  Paragraph 19 of the Complaint references the Discovery Tier of the matter as a Tier 2 case, which means damages are allegedly $50,000 to $300,000 (though all liability and damages are denied). (See Arizona Rules of Civ. Proc., Rule 26.2 (c)(3)(B).)  In recent resolution discussions, the demand to HOMETOWN EQUITY MORTGAGE exceeded $75,000.00.  (*Id.* at ¶ 6.)

HOMETOWN EQUITY MORTGAGE, in its Answer and Counter-Claim filed in the Action on or about July 11, 2022, raises counterclaims against Plaintiff for trademark infringement and unfair competition based on Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a), which are federal questions.  (*Id.* at ¶ 7.)

This Notice of Removal is filed within thirty days of service of the Complaint herein. Pursuant to 28 U.S.C. § 1446(d).  HOMETOWN EQUITY MORTGAGE is serving a written notice of the removal to Plaintiff, and will file a copy of the notice with the clerk of the Superior Court of the State of Arizona, County of Pima, where this action is currently pending.  HOMETOWN EQUITY MORTGAGE is the only Defendant that has been served with Summons and Complaint in this action.  (*Id.* at ¶ 9.)

On information and belief, Plaintiff is an Arizona limited liability company with its principal place of business in Tucson, Arizona (see Paragraph 1 of the Complaint filed herein).

Defendant HOMETOWN EQUITY MORTGAGE is a Missouri limited liability company.  No pleadings have been filed in state court except the Summons and Complaint. (*Id.* at ¶ 12.)

Based on all of the above, pursuant to 28 U.S.C. § 1332, this is a civil action of which this Court has original jurisdiction. Moreover, this is an action that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and (c)(1)(A).

## II. REMOVAL IS TIMELY

This Notice of Removal is filed less than one (1) year after commencement of the action and in that regard is timely pursuant to 28 U.S.C. § 1446(c). This Notice of Removal is filed less than 30 days after service of the Summons and the Complaint in the state court action. Plaintiff is seeking more than $75,000 in damages as a result of the incident as evidenced by the alleged Tier 2 category of the case, and a demand made for resolution which exceeded $75,000. Additionally, the Counter-Claim filed in State Court on July 11, 2022 raises federal questions. Accordingly, this Notice of Removal is also timely pursuant to 28 U.S.C. § 1446(b).

## III. NOTICE OF REMOVAL SERVED ON ALL ADVERSE PARTIES

Pursuant to 28 U.S.C. § 1446(d), Defendant is serving a written notice of the removal to all adverse parties which consists only of Plaintiff, and will file a copy of the notice with the clerk of the Superior Court of the State of Arizona, County of Pima, where this state court action is currently pending. (Beck Declaration at ¶9.)

## IV. THIS COURT HAS SUBJECT MATTER JURISDICTION

### A. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

As set forth more fully below, Plaintiff and Defendant are the only parties in this case. Plaintiff is a citizen of Arizona. HOMETOWN EQUITY MORTGAGE is a citizen of Missouri by virtue of incorporation in Missouri. HOMETOWN EQUITY MORTGAGE has corporate offices in California, and may also be considered a citizen of California. Either way, diversity of citizenship exists and removal is proper.

#### 1. Defendant and Plaintiff are the Only Parties

Defendant is the only defendant that has been served with summons and complaint in this action. (Beck Declaration at ¶14.) Plaintiff also named wholly fictitious parties against whom no relief is, or could be, sought in this action. (See Exhibit "A" to Beck Declaration.) Pursuant to 28 U.S.C. § 1441(b)(1), this Court should disregard the citizenship of any defendant sued under the fictitious names.

Accordingly, it is not necessary for other parties to join in this Notice of Removal of Action and the key inquiry becomes whether Plaintiff and Defendant Chipotle are citizens of the same or different states.

### 2. Plaintiff is a Citizen of Arizona

On information and belief, Plaintiff was and is a citizen of Arizona. (Exhibit "A".)

### 3. Defendant is a Citizen of Missouri

### (a) Corporate Citizenship is State of Incorporation & Location of Principal Place of Business

A corporation is a citizen of the state in which it is incorporated and the one in which its principal place of business is located. (28 U.S.C. § 1332(c).) Its "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities" otherwise known as its "nerve center." (*The Hertz Corporation v. Friend*, 559 U.S. 77, 92-93; 130 S.Ct. 1181 (2010) (hereinafter, "Hertz".)

### (i) HOMETOWN EQUITY MORTGAGE 's State of Incorporation is Missouri

Here, HOMETOWN EQUITY MORTGAGE was and is a corporation incorporated under the laws of the State of Missouri. (See Declaration of Teresa Beck, etc. in Support Notice of Removal of Action, etc.) Therefore, pursuant to 28 U.S.C. § 1332(c), HOMETOWN EQUITY MORTGAGE is a citizen of Missouri. Moreover, HOMETOWN EQUITY MORTGAGE's corporate office is in California which is arguably the principal place of business or "nerve center. There are no executive or administrative offices in Arizona and only one resident employee. (*Id.* at ¶ 11.)

Accordingy, per 28 U.S.C. § 1332(c) as interpreted by Hertz, HOMETOWN EQUITY MORTGAGE is a citizen of Missouri (the state of its incorporation) and also of California (the state in which Defendant's "principal place of business" is located).

### 4. The Parties Are Diverse

As set forth above, Plaintiff was and is a citizen of Arizona. Defendant was and is a

citizen of Missouri and California, and is not a citizen of Arizona. No other parties will be joining in this removal action. Therefore, the requirement for complete diversity of citizenship is satisfied.

### B. The Matter in Controversy Exceeds the Jurisdictional Amount.

In Plaintiff's Complaint, Plaintiff identifies the case as a Tier 2 case which indicates damages exceed at least $50,000, and in recent resolution negotiations, a demand was made in excess of $75,000.  Hence, the amount in controversy of more than $100,000 satisfies the federal jurisdictional amount under 28 U.S.C. § 1332(a).

### C. Moreover, A Federal Question is Raised in the Counter-Claim Which is Another Ground for Removal.

As outlined above, the Counter-Claim of HOMETOWN EQUITY MORTGAGE in the state court action raises federal trademark and unfair competition claims, which are federal questions providing further justification for removal to federal court.

## V. CONCLUSION: REMOVAL IS PROPER

Since the requirements for (1) complete diversity of citizenship and (2) the requisite amount in controversy have both been met, this Court has subject matter jurisdiction over the instant case, based on diversity, and also based on the federal questions presented by the Counter-Claim.

Accordingly, Defendant respectfully requests this action be removed from the Superior Court of the State of Arizona, County of Pima, to the United States District Court for the District of Arizona – Tucson , pursuant to 28 U.S.C. § 1441(b) (Diversity) and (c)(1)(A) (Federal Question).

///
///
///
///
///
///

DEFENDANT HOMETOWN EQUITY MORTGAGE, LLC dba THELENDER'S NOTICE OF REMOVAL

KLINEDINST PC

DATED:  July 11, 2022                    By:      */s/ Teresa M. Beck*
                                                  Teresa M. Beck
                                                  Attorneys for Defendant HOMETOWN
                                                  EQUITY MORTGAGE, LLC dba
                                                  THELENDER