1    Teresa M. Beck, Arizona Bar No. 024114
     KLINEDINST PC
2    501 West Broadway, Suite 600
     San Diego, California 92101
3    (619) 400-8000/FAX (619) 238-8707
     tbeck@klinedinstlaw.com
4
     Attorneys for Defendant HOMETOWN
5    EQUITY MORTGAGE, LLC dba
     THELENDER
6

7

8

9              **UNITED STATES DISTRICT COURT**

10          **FOR THE DISTRICT OF ARIZONA - TUCSON**

11

12   LENDER, LLC, an Arizona limited          Case No.
     liability company,
13                                            **DECLARATION OF TERESA M.**
                Plaintiff,                    **BECK IN SUPPORT OF HOMETOWN**
14                                            **EQUITY MORTGAGE, LLC dba**
          v.                                  **THELENDER'S NOTICE OF**
15                                            **REMOVAL OF ACTION UNDER 28**
     HOMETOWN EQUITY MORTGAGE,                **U.S.C. § 1441 (b) (DIVERSITY) AND**
16   LLC, a Missouri limited liability company **(c)(1)(A) (FEDERAL QUESTION)**
     d/b/a THELENDER; JOHN and JANE
17   DOES 1-10; ABC ENTITIES 1-10,

18                Defendants.

19

20         I, Teresa M. Beck, declare as follows:

21         1.      I am a partner in the law firm of Klinedinst PC, attorneys of record for

22   Defendant Hometown Equity Mortgage, LLC dba TheLender ("HOMETOWN EQUITY

23   MORTGAGE") in the above-referenced matter. I am personally familiar with the within

24   stated facts and could and would testify based upon personal knowledge of the same, and

25   as to those facts stated on information and belief, I believe them to be true.

26         2.      Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's

27   Complaint which, on information and belief, was filed herein on or about May 16, 2022.

28   ///

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

3. On information and belief, HOMETOWN EQUITY MORTGAGE was served with a copy of the Summons and Complaint on or about June 20, 2022.

4. A true and correct copy of the summons served with the Complaint is attached hereto as Exhibit "B".

5. In Plaintiff's Complaint, Plaintiff asks for compensatory damages, however, the amount of damages Plaintiff seeks from Defendants in this lawsuit (the amount in controversy) is not directly stated in the Complaint. Paragraph 19 of the Complaint references the Discovery Tier of the matter as a Tier 2 case, which means alleged damages are $50,000 to $300,000 (though all liability and damages are denied). (See Arizona Rules of Civ. Proc., Rule 26.2 (c)(3)(B).)

6. In recent resolution discussions, the demand to HOMETOWN EQUITY MORTGAGE exceeded $75,000.00.

7. HOMETOWN EQUITY MORTGAGE, in its Answer and Counter-Claim filed in the Action on or about July 11, 2022, raises Counter-Claims against Plaintiff for trademark infringement and unfair competition which violates Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a), and which are federal questions.

8. This Notice of Removal is filed within thirty days of service of the Complaint herein.

9. Pursuant to 28 U.S.C. § 1446(d), HOMETOWN EQUITY MORTGAGE is serving a written notice of the removal to Plaintiff, and will file a copy of the notice with the clerk of the Superior Court of the State of Arizona, County of Pima, where this action is currently pending.

10. Defendant HOMETOWN EQUITY MORTGAGE is the only Defendant that has been served with summons and complaint in this action.

11. On information and belief, Plaintiff is an Arizona limited liability company with its principal place of business in Tucson, Arizona (see Paragraph 1 of the Complaint filed herein). HOMETOWN EQUITY MORTGAGE is a Missouri limited liability company. Moreover, HOMETOWN EQUITY MORTGAGE's corporate office is in

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

2

Case No.

DECLARATION OF TERESA M. BECK IN SUPPORT OF HOMETOWN EQUITY MORTGAGE, LLC dba THELENDER'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)

California. There are no executive or administrative offices in Arizona and only one resident employee.

      12.    No pleadings have been filed in state court except the Summons and Complaint.

      I declare under penalty of perjury under the laws of the United States and the State of Arizona that the foregoing is true and correct, and if called upon to testify to the facts thereto, could and would do so competently.

      Executed on July 11, 2022 in San Diego, California.

TERESA M. BECK

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# EXHIBIT A

FILED
Gary Harrison
CLERK, SUPERIOR COURT

5/16/2022 10:37:14 AM

BY: ALAN WALKER /S/
DEPUTY

Case No. C20221868
HON. RICHARD E GORDON

**JACKSON & ODEN, PLLC**
1670 East River Road, Suite 260
Tucson, Arizona 85718
Telephone: (520) 884-0024
Fax: (520) 884-0025
TODD JACKSON ASB NO. 012202
TJACKSON@JACKSONODENLAW.COM

**Attorney for Plaintiff**

## SUPERIOR COURT OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| LENDER LLC, an Arizona limited liability company, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| HOMETOWN EQUITY MORTGAGE, LLC, a Missouri limited liability company d/b/a THELENDER; JOHN and JANE DOES 1-10; ABC ENTITIES 1-10, | |
| Defendants. | |

Plaintiff Lender LLC alleges:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is an Arizona limited liability company, with its principal place of business in Tucson, Arizona.

2.      Defendant Hometown Equity Mortgage, LLC is a Missouri limited liability company doing business in Arizona, and operating herein under a trade name, registered with the Arizona Secretary of State, of "theLender".

3.      The true name and capacities, whether individual, corporate, associate or otherwise, of Defendants designated herein as John and Jane Does 1-10 and ABC Entities 1-10, inclusive, and each of them, are partners, affiliated entities, servants, agents, employees, representatives, successors or assigns of the named Defendants, or persons acting in concert with the Defendants, with reference to the allegations pleaded herein, and are liable to Plaintiff by reason thereof. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of the fictitiously named Defendants after the same have been ascertained by Plaintiff.

4.      Plaintiff's claims against Defendant arises from a contract solicited by Defendant and accepted and agreed by Plaintiff, in Arizona.

5.      Jurisdiction and venue are proper in this Court.

**FACTS COMMON TO ALL COUNTS**

6.      Plaintiff was formed by Articles of Organization filed with the Arizona Corporation Commission ("ACC") on October 4, 2019, which have been publicly available on the ACC website since that date, and has engaged in the business of real estate lending in Arizona thereafter.

7.      In December 2020, a representative of Defendant contacted Plaintiff and indicated that Defendant wished to conduct its mortgage loan business in Arizona using the name "theLender" and to register such name as a trade name with the Arizona Secretary of State, and that Plaintiff's consent to the same was required to enable one or more of Defendants to do so.

8.      Defendant solicited, and Plaintiff agreed, to permit such use and to provide the requested consent to the Secretary of State for Defendant's use of such trade name within Arizona, and the parties documented their agreement in a Name Licensing Agreement dated December 21, 2020, attached hereto as *Exhibit A* (the "Agreement").   The Agreement set forth agreed amounts of compensation for such use, to be paid to Plaintiff annually during the period of Defendant's use of the name.

9.      The Agreement required that a payment of $18,000.00 was required to be paid on the date of the Agreement, which was December 21, 2020, and Defendant did pay $18,000.00 to Plaintiff on that date.

10.      On December 22, 2020, pursuant to and in reliance upon the Agreement and Defendant's promise to pay Plaintiff each year the agreed amounts stated in the Agreement, Plaintiff submitted a letter to the Arizona Secretary of State as agreed, advising such agency of Plaintiff's consent to Defendant's use and registration of "theLender" as a trade name in Arizona.

11.      On or about December 29, 2020, the Arizona Secretary of State granted Defendant's application to use and register the trade name of "theLender" in Arizona.

12.      Despite the foregoing, Defendant failed to pay the license fee for the year 2021 in the amount of $18,900.00 that came due on December 15, 2021, and has refused Plaintiff's demands for such payment and to honor the terms of the Agreement.  In addition, in response to Plaintiff's payment demand, Defendant further breached and anticipatorily breached the Agreement by purporting to terminate the agreement without cause or justification.

13.      Upon information and belief, Defendant continues to use the name licensed to it pursuant to the Agreement within Arizona, and has generated and continues to generate revenues and profits from the same.

## COUNT I
## BREACH OF CONTRACT

14.      Plaintiff restates the foregoing allegations as though fully set forth herein.

15.      Plaintiff entered into a valid contract with Defendant, has complied with its obligations under, and has met all applicable conditions.

16.      By operation of law, the contract contained a covenant of good faith and fair dealing.

17.      Despite demand, Defendant has failed to comply with its payment obligations to Plaintiff, and has breached and/or anticipatorily breached the express terms of the contract and the covenant of good faith and fair dealing contained therein, by purporting to terminate the contract, without paying the agreed compensation for the same.

18.      Defendant's breaches have and will cause damages to Plaintiff, and caused it to incur attorneys' fees to enforce its rights under the contract, which Plaintiff is entitled by law and by the terms of the Agreement to recover herein.

## DISCOVERY TIER

19.      Plaintiff's damages are such that this matter qualifies for Discovery Tier 2.

WHEREFORE, Plaintiff requests judgment in its favor and against Defendant as follows:

A.      For all damages incurred by Plaintiff, in such amounts as are proven at trial;

B.      For pre- and post-judgment interest to the extent permitted by law;

C.      For Plaintiff's attorneys' fees and costs arising from this action; and

D.      For any other appropriate relief this Court deems just.

- 3 -

DATED: May 16, 2022.

JACKSON & ODEN, PLLC

By:   */s/Todd Jackson*
      Todd Jackson
      *Attorney for Plaintiff*

Filed this 16th day of May, 2022 via TurboCourt.

Courtesy copy of the foregoing e-mailed
this 16th day of May, 2022, to:

Ian A. Rambarran
Klinedinst Sacramento
801 K Street, Suite 2100
Sacramento, CA  95814
Attorney for Hometown Equity Mortgage, LLC

*/s/Alyssia Nielson*

- 4 -

# Exhibit A

# NAME LICENSING AGREEMENT

**PARTIES:**

        **Licensor:**

                **LENDER LLC,** an Arizona limited liability company
                11670 East Broadway Boulevard
                Tucson, Arizona 85748

        **Licensee:**

                **HOMETOWN EQUITY MORTGAGE, LLC, dba theLender,**
                a Missouri limited liability company
                25531 Commercecentre Drive, Suite 250
                Lake Forest, California 92630

**DATE:**      December 21, 2020

## BACKGROUND

Licensor is an existing Arizona limited liability company formed in conformity with Arizona law and is engaged in the business of extending money loans to third party borrowers. Licensee is a limited liability company formed in the State of Missouri and is engaged in the business of extending money loans to third party borrowers. Licensee would like to become licensed to conduct its business in Arizona under the dba name set forth above, to-wit "**theLender**". However, under the law and regulations of the State of Arizona, Licensee is not permitted to use such dba name in Arizona unless Licensor consents to such use by Licensee. Licensee has requested that Licensor consent to the use of such dba name by Licensee and Licensor is willing to grant such consent upon and in accordance with the provisions, covenants, terms and conditions set forth in this Name Licensing Agreement ("**Agreement**"), all of which are accepted by Licensee.

## Covenants

1.    **Definitions:**  As used in this Agreement, the following words and terms shall have the following designated meanings:

    1.1    "**License**" shall mean the right and privilege to use and utilize the Licensed Name, as hereinafter defined.

1

1.2     **"License Fee"** shall mean the amounts to be paid by Licensee to Licensor as consideration for the right to use the Licensed Name as herein provided.

1.3     **"Licensed Name"** shall, when used in this Agreement, mean the words **"theLender"** and all variations thereof, regardless of the use or absence of capitalization, spacing or any other anomalies or variations from the normal or usual conventions of English language usage, as used by Licensor in regard to the conduct of its business activities and operations within, emanating from or relating to the State of Arizona and/or property located within the State of Arizona or lending activities occurring within or relating to the State of Arizona,.

1.4     **"Licensee's Business"** shall mean the making or granting of loans or other rights to the use or benefit of money, credit or other valuable consideration, to or on behalf of or for the benefit of third party borrowers or other representatives of third parties.

1.5     **"Provisions"** shall mean all of the provisions, terms, covenants, conditions, limitations, requirements and other agreements, duties and obligations set forth herein.

1.6     **"Term"** shall mean the term and duration of this Agreement, which shall commence on January 1, 2021 and shall continue through and including the calendar date on or as of which this Agreement is terminated as hereinafter provided.

1.7     **"Termination Date"** shall mean the calendar date on or as of which the Term hereof is terminated as hereinafter provided.

2.     **Grant of License**:  In consideration of timely payment and delivery of the License Fee, and periodic portions thereof by Licensee to Licensor, Licensor hereby grants to and confers on Licensee the License upon, subject to and in accordance with the Provisions of this Agreement. The License and the granting thereof by Licensor to Licensee shall in no way diminish or reduce Licensor's rights and privileges to use and utilize its own name, to-wit **"Lender LLC"** and any variation thereof in the conduct of its own business or other enterprises. However, during the Term, Licensor shall not grant any license to use or utilize its name, or any variation thereof, to any third party other than Licensee.

3.     **License Fee; Payment**:  Subject to modification and adjustment as herein provided, for and with respect to the calendar year 2021, and for and with respect to each subsequent calendar year during the Term, the License Fee payable by Licensee to Licensor shall be the following amounts, which shall be payable as follows:

3.1     For the calendar year 2021, the sum of Eighteen Thousand Dollars ($18,000.00), payable in full on the date of this Agreement.

3.2     For each calendar year subsequent to 2021, a sum equal to one hundred five percent (105%) of the amount of the License Fee which was payable hereunder for the immediately preceding calendar year; annual amounts of the License Fee for each calendar year subsequent to 2021 shall be payable in full, and shall be paid in full, not later than December 15 of the immediately preceding calendar year.

2

4.     **Conditions of License**. The License and the continued use thereof by Licensee are and shall at all times be upon and subject to the following "**Conditions**", all of which Licensee hereby accepts and agrees to adhere to and perform at all times during the Term:

4.1     Licensee will never at any time perform or engage in any unlawful or prohibited act, action or practice or in any other act, action or practice which does or might bring disrepute on Licensor by reason or as a result of the similarity of the names under which they conduct their respective businesses.

4.2     Licensee will never at any time, either during or after the end of the Term, attack Licensor's title and ownership of Licensor's name or any of the rights and interests of Licensor in and to the rights licensed under this Agreement or attack or deny the validity and/or enforceability of the License granted under this Agreement.

4.3     The License granted hereunder is personal to Licensee and may not, and shall not, be sublicensed or in any other manner assigned, transferred, conveyed or set over to any other party or person whatsoever, voluntarily or involuntarily, by affirmative act or by operation of law, and any attempt or undertaking whatsoever purporting to do so shall be null and void and of no force or effect whatsoever, subject to the exception that in the event that Licensee is acquired for reasonable consideration by a third party purchaser in a *bona fide* business transaction, such purchaser, and its successors in interest shall have the rights and benefits under the License which theretofore had been owned and enjoyed by Licensee and shall thereafter be and constitute the Licensee hereunder subject to all of the Provisions hereof and, upon request of Licensor, such purchaser shall execute and deliver to Licensor such documents as Licensor may reasonably request for the purpose of ratifying and confirming such successor's duties and obligations under this Section 4.2 and the remainder of this Agreement.

5.     **Default:**  Any breach or default by Licensee of or under this Agreement, or any failure on the part of Licensee to pay and perform any of its duties and obligations hereunder, shall be a breach and default hereof and hereunder, upon the occurrence of which Licensor shall be entitled to pursue any and all remedies available to Licensor at law and/or in equity. Time is of the essence of this Agreement and all of the Provisions hereof.  If Licensee fails to timely pay any amount which is or becomes payable hereunder, or otherwise defaults with respect to or fails to perform any Provision of or contained in this Agreement, and such failure is not fully cured within ten (10) days after written notice specifying such failure is given to Licensor, then and in any such event Licensor shall be entitled to pursue all remedies available to it under this Agreement or as provided at law or equity, and the pursuit by Licensee of one or more potential remedies shall not preclude Licensor from pursuing other remedies simultaneously or at any later time. All amounts which are not paid within ten (10) days of the date they are due shall bear interest from the due date thereof until the date of payment at the rate of eighteen percent (18%) per annum.

6.     **General:**

6.1     All notices, demands or other communications (collectively, "**Notices**") required or permitted to be given or made by either party hereunder to the other under or pursuant to this Agreement shall be in writing and shall be transmitted to the party to which they are

directed at the address of such party set forth at the beginning of this Agreement either personally or by prepaid commercial courier or by deposit with the United States Postal Service in a sealed envelope with first class registered or certified postage prepaid, return receipt requested. Notices served personally or by courier delivery shall be effective on the day they are delivered or delivery thereof is refused; Notices transmitted by mail shall be deemed to have been received on the second (2nd) business day following the day on which they were mailed within the State of Arizona, or the fourth (4th) day after they were mailed elsewhere in the United States of America.

6.2     No failure by a party to exercise, or delay by a party in exercising, any right or remedy under or in respect of this Agreement shall operate as a waiver of such right or remedy, nor shall any single, partial or defective exercise of any such right or remedy by either party preclude any other or further exercise of that or any other right or remedy.

6.3     The validity, construction, and performance of this Agreement and any other related documentation and each and every Provision hereof shall be interpreted, construed and enforced in accordance with the substantive laws of the State of Arizona, without giving effect to principles of conflict of laws. Any action, suit or proceeding brought to enforce the provisions of this Agreement and/or any other related documentation shall be brought only in the Superior Court of the State of Arizona in Pima County, Arizona, and the parties agree that this is a mandatory forum selection provision. Licensor hereby waives, and agrees that it shall not assert by way of motion, as a defense or otherwise in any such action, suit or proceeding, any claim that (i) it is not personally subject to the jurisdiction of such court, (ii) the action, suit or proceeding is brought in an inconvenient forum, (iii) the venue of the action, suit or proceeding is improper, or (iv) the claims being asserted in the action, suit or proceeding may not be enforced in or by such court. In the event that litigation results from or arises out of this Agreement and/or any other related documentation or the performance or enforcement of any Provision hereof or provision thereof, Licensee and Licensor agree that the party which substantially prevails therein shall be entitled to recover from the other party or parties, the substantially prevailing party's reasonable attorney's fees, court costs, witness fees and all other expenses incurred therein, whether or not taxable by the court as costs, in addition to any other relief to which the substantially prevailing party may be entitled.

6.4     Licensor acknowledges and agrees that it may not and will not assign or transfer all or any portion of the rights and obligations of Licensor hereunder to any other person or entity without Licensor's prior written consent, which consent Licensor shall be entitled to withhold in Licensor's sole and absolute discretion for any reason whatsoever or for no reason at all.

6.5     All payments and payment obligations required to be made or satisfied under or in respect of this Agreement and/or any other related documentation shall be made without set-off or counterclaim and free and clear of any deduction whatsoever.

6.6     Licensee shall not in any manner or respect be the legal representative or agent of Licensor and shall not make, create or enter into any contracts, agreements, obligations or other undertakings on behalf of or on account of Licensor, either expressed or implied,

4

written or unwritten, or in any manner bind or purport to bind Licensor in any manner or to any extent whatsoever, it being understood and agreed that this Agreement is a contract pertaining only to Licensee's use of the Licensed Name. Neither this Agreement nor any of the Provisions hereof constitute or establish, nor shall they be interpreted or construed as constituting or establishing, a joint venture or other business relationship between Licensor and Licensee except that of licensor and licensee of the Business Name.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

**LICENSOR:**

**LENDER LLC**, an Arizona limited liability company

_____
Ronald D. Mercaldo, Manager

**LICENSEE:**

**HOMETOWN EQUITY MORTGAGE, LLC, dba theLender,**
a Missouri limited liability company

_____
Printed Name: Aaron Iverson

Title: President

5

STATE OF ARIZONA    )
                               ) ss.
County of Pima          )

This instrument was acknowledged before me this _____ day of December, 2020, by RONALD D. MERCALDO, as Manager of **LENDER LLC**, an Arizona limited liability company, on behalf of the company.

_____
                                          Notary Public

My commission will expire:

_____

STATE OF California    )
                              ) ss.
County of Orange    )

This instrument was acknowledged before me this 21st day of December, 2020, by Aaron Iverson, as President of **HOMETOWN EQUITY MORTGAGE, LLC, dba theLender**, a Missouri limited liability company, on behalf of the company.

_Patricia Rene Ortiz_
                                          Notary Public

My commission will expire:

_11-17-2021_

PATRICIA RENE ORTIZ
Commission No. 2222111
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires NOVEMBER 17, 2021

6

## APPROVED ACTION BY UNANIMOUS WRITTEN CONSENT OF THE MEMBERS OF HOMETOWN EQUITY MORTGAGE, LLC

### March 11, 2020

The undersigned, constituting all of the Members of Hometown Equity Mortgage, LLC, a Missouri limited liability company (the "Company"), by unanimous consent in writing, hereby waives all notice whether required by statute or otherwise without the formality of convening a meeting, and hereby severally and collectively consents to the adoption of, and hereby adopts, the following resolutions and actions, and declare them to be in full force and effect as if they were adopted at a regularly scheduled meeting of the Members and done in full compliance with requirements existing under Company agreements:

**WHEREAS,** the Members desire to elect and appoint officers of the Company.

1.      **RESOLVED,** that the following persons are hereby removed as an officer of the Company:

| | |
|---|---|
| Tom Dinan | Chief Risk Officer |
| Juju McIntire | Executive Vice President |
| Anant Bhakta | Director |
| Bryan Filkey | Director |
| Erin Herrlinger | Senior Vice President |
| Floyd Drew | General Counsel, Chief Financial Officer & Secretary |

2.      **RESOLVED,** that the following person is hereby added as an officer of the Company:

| | |
|---|---|
| Mar Alan Vidal | VP Compliance, AML Officer and Secretary |

3.      **RESOLVED,** that the following persons constitute all of the duly elected officers of the Company, and that they hold the title set for the next to each name.

| | |
|---|---|
| Aaron Iverson | Chief Executive Officer and President |
| Cory Tona | Executive Vice President |
| Shane Harris | Executive Vice President |
| Jeff Porfirio | Director |
| Christopher Ledwidge | Executive Vice President |
| Nathaniel Borghi | Executive Vice President |
| Donald Miller | Executive Vice President |
| Greg Borsuk | Chief Financial Officer and Treasurer |
| James Shea | Chief Technology Officer |
| Mar Alan Vidal | VP Compliance, AML Officer and Secretary |

4.     **RESOLVED**, that the signature of the officers listed above shall be conclusive evidence, with respect to third parties, as to such officer having full power and authority to bind the Company for which such officer is signing on behalf of in according with this resolution.

5.     **RESOLVED**, that each of the officers of the Company be, and each of them individually hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to perform or to cause to be performed all acts and things necessary, including negotiating and executing all documents, including agreements, and paying or cause to be paid amounts owed or to be owed, to carry out the direction of the Members of the Company and to fulfill the duties set forth in Section 5.4 of the Operating Agreement.

6.     **RESOLVED**, that all actions previously taken by any officer or director, officer, or Member of the Company in connection with the transactions contemplate by the foregoing resolutions are hereby adopted, ratified, confirmed, and approved in all respects.

7.     **RESOLVED**, that the above and foregoing actions approved by unanimous consent by the Members shall be deemed adopted and in full force and effect as of the date first written above and shall be filed with the minutes of the Company by the Secretary.

[Signature pages follows]

IN WITNESS WHEREOF, the Members of the Company have executed and delivered this Unanimous Written Consent as of the date first set forth above.  This Unanimous Written Consent may be executed and delivered in multiple counterparts, and signatures may be delivered by facsimile or any other means of reproduction.

Tona Mortgage, LLC

By: Aaron Iverson
Its:   President

_____
Donald S. Miller

_____
Nathaniel R. Borghi

_____
Christopher S. Ledwidge

_____
Jeffrey M. Porfirio

**IN WITNESS WHEREOF**, the Members of the Company have executed and delivered this Unanimous Written Consent as of the date first set forth above.  This Unanimous Written Consent may be executed and delivered in multiple counterparts, and signatures may be delivered by facsimile or any other means of reproduction.

Tona Mortgage, LLC

_____

By:  Aaron Iverson
Its:  President

_____

Donald S. Miller

_____

Nathaniel R. Borghi

_____

Christopher S. Ledwidge

_____

Jeffrey M. Porfirio

**IN WITNESS WHEREOF,** the Members of the Company have executed and delivered this Unanimous Written Consent as of the date first set forth above.   This Unanimous Written Consent may be executed and delivered in multiple counterparts, and signatures may be delivered by facsimile or any other means of reproduction.

Tona Mortgage, LLC


_____
By:  Aaron Iverson
Its:   President



_____
Donald S. Miller



_____
Nathaniel R. Borghi



_____
Christopher S. Ledwidge



_____
Jeffrey M. Porfirio

**IN WITNESS WHEREOF**, the Members of the Company have executed and delivered this Unanimous Written Consent as of the date first set forth above.   This Unanimous Written Consent may be executed and delivered in multiple counterparts, and signatures may be delivered by facsimile or any other means of reproduction.

Tona Mortgage, LLC

_____
By:  Aaron Iverson
Its:  President

_____
Donald S. Miller

_____
Nathaniel R. Borghi

_____
Christopher S. Ledwidge

_____
Jeffrey M. Porfirio

PERSON/ATTORNEY FILING: Todd Jackson
MAILING ADDRESS: 1670 E. River Road Suite 260
CITY, STATE, ZIP CODE: Tucson, AZ 85718
PHONE NUMBER: (520)884-0024
E-MAIL ADDRESS: tjackson@jacksonodenlaw.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 012202, Issuing State: AZ

FILED
Gary Harrison
CLERK, SUPERIOR COURT
5/16/2022 10:37:14 AM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20221868
HON. RICHARD E GORDON

## ARIZONA SUPERIOR COURT, PIMA COUNTY

LENDER LLC
Plaintiff(s),

V.

CASE NO: _____

HOMETOWN EQUITY MORTGAGE, LLC, DBA
THELENDER
Defendant(s).

**RULE 102a FASTAR CERTIFICATE**

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101b

and certifies that this case:

## (NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)

☐ **DOES** meet the eligibility criteria established by Rule 101b; or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101b.

Dated: _____

Todd Jackson /s/ _____
SIGNATURE

AZturboCourt.gov Form Set #6815892

# EXHIBIT B

Person/Attorney Filing: Todd Jackson
Mailing Address: 1670 E. River Road Suite 260
City, State, Zip Code: Tucson, AZ 85718
Phone Number: (520)884-0024
E-Mail Address: tjackson@jacksonodenlaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 012202, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

LENDER LLC
Plaintiff(s),                                    Case No.  C20221868
v.
HOMETOWN EQUITY MORTGAGE, LLC, DBA    **SUMMONS**
THELENDER
Defendant(s).                                    HON. RICHARD E GORDON

To: HOMETOWN EQUITY MORTGAGE, LLC, DBA THELENDER

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZTurboCourt.gov Form Set #8815892

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of PIMA



SIGNED AND SEALED This Date: 5/16/2022

Gary Harrison
Clerk of the Superior Court

By:   ALAN WALKER /s/
         Deputy Clerk

AZturboCourt.gov Form Set #6815892

2