**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lender LLC, | No. CV-22-00304-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Hometown Equity Mortgage LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Lender LLC's ("Lender") Motion to Remand. (Doc. 12.) This matter is fully briefed. (Docs. 12–14.) For the following reasons, the Court will grant the motion to remand and deny the motion for attorney's fees.

On May 16, 2022, Lender filed a complaint in Pima County Superior Court to recover damages for Defendant Hometown Equity Mortgage, LLC's ("Hometown") alleged breach of the Name Licensing Agreement. (Doc. 1-3 at 5, 7.) On July 11, 2022, Hometown timely answered and filed a counterclaim asserting trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). (Doc. 1-4 at 10.) On July 12, 2022, Hometown removed this action to federal court on the grounds of diversity jurisdiction and federal question jurisdiction based on Hometown's counterclaims. (Doc. 1 at 1.)

Lender challenges removal arguing that Hometown waived removal because "Hometown agreed to an exclusive state court forum for this dispute" in the forum selection provision of the parties' Name Licensing Agreement. (Doc. 12 at 1.)

## I. Standard of Review

A defendant may remove an action to federal court where there is either federal question jurisdiction based on the complaint or there is diversity jurisdiction. 28 U.S.C. § 1441; *Fisher v. NOS Commc'ns (In re NOS Commc'ns)*, 495 F.3d 1052, 1057 (9th Cir. 2007). However, there is a "strong presumption against removal" and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). The party seeking removal bears the burden of establishing jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001).

"The enforceability and interpretation of a forum selection clause in federal court is an issue of federal law." *Siren, Inc. v. Redd*, No. CV–06–1529–PHX–DGC, 2006 WL 2850333, at *2 (D. Ariz. Oct. 4, 2006) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988)) (remanding based on mandatory forum selection clause). Furthermore, "a forum selection clause is 'prima facie valid and should not be set aside unless the party challenging enforcement can show that the clause is unreasonable under the circumstances.'" *Redwood Hill Farm & Creamery, Inc. v. Barry-Wehmiller Design Grp., Inc.*, Case No. 16-cv-03200-JST, 2016 WL 4710194, at *1 (N.D. Cal. Sept. 9, 2016) (quoting *Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 (9th Cir. 1984)) (granting motion to remand based on forum selection clause). "A forum selection clause is unreasonable under the circumstances if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is 'so gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court'; or (3) enforcement of the forum selection clause would contravene a strong public policy of the forum in which the suit was brought." *Neil Jones Food Co. v. Factory Techs., Inc.*, CASE NO. C21-5073 MJP, 2021 WL 1625252, (W.D. Wa. Apr. 27, 2021) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–18 (1972)).

A district court also looks at whether the forum selection clause at issue is mandatory or permissive. *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines*

*Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995). "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Id.* at 1037 (finding forum selection clause was not mandatory because it only provided that the parties consented to jurisdiction in San Francisco County Superior Court and did not specify that jurisdiction was not permitted in another court); *c.f. Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (finding forum selection clause was mandatory when it specified that "venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia."); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (finding clause that stated "this Agreement shall be litigated only in the Superior Court for Los Angeles County, California (and in no other) . . ." was a mandatory clause).

## II.     Discussion

Hometown argues that the forum selection provision in the Name Licensing Agreement is not mandatory, and that Hometown did not waive its right to removal. (Doc. 13 at 3–4.) Lender contends the forum selection clause was agreed to by both parties and clearly limits jurisdiction to the Pima County Superior Court. (Doc. 12 at 4–5.)

The Name Licensing Agreement between Lender and Hometown included the following provision:

> Any action, suit or proceeding brought to enforce the provisions of this Agreement and/or any other related documentation *shall be brought only in the Superior Court of the State of Arizona in Pima County, Arizona, and the parties agree that this is a mandatory forum selection provision*. Licensor [Lender] hereby waives, and agrees that it shall not assert by way of motion, as a defense or otherwise in any such action, suit or proceeding, any claim that (i) it is not personally subject to the jurisdiction of such court, (ii) the action, suit or proceeding is brought in an inconvenient forum, (iii) the action, suit or proceeding is improper, or (iv) the claims being asserted in the action, suit or proceeding may not be enforced in or by such court.

(Doc. 1-3 at 13 (emphasis added).)

Hometown makes no attempt to establish that the forum selection clause is unreasonable under the circumstances. While Hometown bears this burden, the Court will nonetheless address the three possible circumstances. First, there is no argument nor evidence that the provision at issue was the result of fraud, undue influence, or overweening bargaining power. Second, the selected forum of Pima County Superior Court cannot be said to be either difficult or inconvenient when compared to the District Court for the District of Arizona in Tucson, located less than a mile away. There is no argument or evidence that litigation in the Pima County Superior Court would deprive either party of its day in court. Finally, enforcement of this provision would not contravene any strong public policy of Pima County Superior Court.

Instead, Hometown argues that this provision is not a mandatory forum selection clause at all and only limits *Lender's* ability to pursue claims in federal court. (Doc. 13 at 2–4.) The Court disagrees. The provision contains "language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Council of Laborers*, 69 F.3d at 1036. Specifically, it establishes that *any litigation* arising from the Name Licensing Agreement "*shall be brought only in the Superior Court of the State of Arizona in Pima County, Arizona, and the parties agree that this is a mandatory forum selection provision*." (Doc. 1-3 at 13 (emphasis added).) The "and/or" provided earlier and the subsequent language specifying that Lender agrees to waive any attempt to contest jurisdiction in Pima County Superior Court do not alter this determination. Hometown agreed that the provision was "a mandatory forum selection provision" and has made no argument before this Court to challenge the validity of that agreement apart from asking the Court to read the provision only to limit Lender's rights, which it declines to do. Accordingly, the Court will grant Lender's Motion to Remand pursuant to the forum selection provision.

Lender also seeks attorney's fees incurred in connection with removal. (Doc. 12 at 7.) Lender cites to a provision of the Name Licensing Agreement that reads:

> In the event that litigation results from or arises out of this Agreement and/or any other related documentation or the performance or enforcement of any Provision hereof or provision thereof, Licensee and Licensor agree that the party

>> which substantially prevails therein shall be entitled to recover from the other party or parties, the substantially prevailing party's reasonable attorney's fees . . . .

(*Id.*)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The district court has discretion to award such fees and "bad faith need not be demonstrated." *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992).

The Court declines to award attorney's fees in connection with removal. Although the Court must look to the forum selection provision of a contract at issue when determining whether remand is required, the Court will not determine the enforceability of an attorney's fee provision of the parties' Name Licensing Agreement at this stage. Therefore, the cited provision is not determinative here. Furthermore, the Court, in the exercise of its discretion, will not award attorney's fees under Section 1447(c). Although the Court ultimately disagrees with Hometown's arguments for removal, these arguments were legitimate and based in applicable law.

### III.    Conclusion

For the reasons outlined above, **IT IS ORDERED** that Lender's Motion to Remand is **GRANTED**. (Doc. 12.) This action is remanded to Pima County Superior Court. The Clerk of Court shall docket accordingly and close this matter. The request for attorney's fees is denied.

Dated this 13th day of December, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge